THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK
CANIA and Another, Appellants, Impleaded with EDWARD
DANQUER and Others, Defendants.

Fourth Department, May 19, 1926.

Crimes — robbery, first degree — appellants are charged with taking auto-
mobile from possession of chauffeur of owner — evidence of association
by one appellant with robbers about two days after crime was committed
is not sufficient to convict him — evidence sustains conviction of other
appellant.

On a prosecution for robbery, first degree, based on the taking of an automobile
from the possession of the chauffeur of the owner, the evidence is not sufficient
to justify a conviction against one of the appellants, since the only evidence
purporting to connect said appellant with the crime is that about two days
after the crime was committed, said appellant became associated with and
continued in the company of others who, it was shown, actually committed
the crime.

As to the other appellant, the evidence establishes that he engaged the automobile,
which was a taxicab, and directed the chauffeur to take him to a designated
cafe, and that while he left the taxicab at the cafe, it appears that he was asso-
ciated with those who actually took the taxicab from the driver, and also
that he made certain statements to the police officers which indicated his con-
nection with the crime, and, therefore, the verdict of the jury, convicting him
thereof, will be sustained. It is immaterial whether or not appellant was actually
in the taxicab when it was taken or when it was driven away from the cafe,
for the statute as to principals and accessories is equally applicable to robbery
in the first degree as to other crimes.

APPEAL by the defendants, Frank Cania and another, from a
judgment of the County Court of the county of Oneida, rendered
on the 24th day of June, 1925, convicting them of robbery in the
first degree.

*Searle & Searle* [*D. Francis Searle* of counsel], for the appellant
Frank Cania.

*Charles J. Fuess,* for the appellant John Nimo.

*Charles L. De Angelis,* District Attorney [*John J. McGinty,*
*Assistant District Attorney,* of counsel], for the respondent.

SEARS, J. Five men, including the appellants John Nimo and
Frank Cania, were indicted for robbery, first degree, by taking an
automobile from the possession of its driver in Utica on or about
March 22, 1925. The two appellants and Edward Danquer have
been tried together on this indictment and found guilty. Danquer
has not appealed.

The facts which are established by the verdict are as follows:

Theodore Woodcock, a taxicab driver in Utica, on the early morning of March 23, 1925, left his taxicab, which was owned by his employer, named Schantz, near the Martin Hotel in that city and went into the hotel. While the cab was thus unoccupied the defendant Cania got into the cab and blew the horn for the driver. Woodcock heard the signal and came out of the hotel. Cania told the driver to take him to the Havana Cafe, on the corner of Liberty and Broad streets. It was then about one-thirty o'clock in the morning. On the way to the Havana Cafe, Cania asked the driver to stop to pick up a friend of Cania's, named Durante, who was on the street. This was done. When Woodcock drove the taxicab up to the Havana Cafe he saw three men standing at the corner near the entrance to the cafe and about fifteen feet from where he stopped his car. These men when he stopped called out " taxi." Durante got out of the car and went into the cafe. Cania got out of the car and handed Woodcock a five-dollar bill for the fare. Woodcock made change. Cania then went toward the cafe and was last seen by Woodcock at the door of the cafe. Woodcock did not see him actually enter the cafe. Cania produced witnesses from whose testimony the jury may have found that Cania entered and remained for some time in the Havana Cafe. The three men at the corner came to the car, got in, ordered the driver to take them to the Berkshire Inn which was about a mile and a quarter distant toward the east. The three men sat in the rear seat. One of the men was Danquer, another Labella, the third is not directly identified. When Woodcock had driven about 100 feet, he heard one of the men, who he says was Danquer, say " That is far enough." He looked in the mirror on his windshield and saw the three men on the rear seat pointing pistols at him. He stopped the car in fear. A blanket was thrown over his head. He was told to get out of the car and was then put in the rear of the car on the floor with his back against the door. The blanket was kept over his head. Money was demanded of him. He gave up about twelve dollars belonging to Schantz. He did not give up his own money of which he had sixty or seventy dollars. They took his pistol from him. His hands and feet were tied. Two men sat on the back seat, one of them being Danquer. Woodcock heard a conversation in Italian between persons on the front seat. So it is claimed that there were then at least four persons in the car besides Woodcock. The car was driven fast for about forty miles to near Palatine Bridge. Woodcock was told to get out. His feet were untied. Danquer said to him that if he said anything before daylight they knew him and would " get " him. They then drove away with the car. Woodcock threw off the blanket from his

head and saw the car proceeding easterly with two men on the back seat. It passed beyond his sight. The automobile has not been discovered since. Woodcock got his hands loose and then walked about two miles to Palatine Bridge and reported the occurrence.

The register of the Warner Hotel at Amsterdam, N. Y., shows the defendant Cania registering there at three-thirty A. M., March twenty-fourth, under his own name, and the defendant Nimo registering there at one-fifteen A. M., March twenty-fifth, under the name of John Carlo. At the same time that Nimo registered the name of Russell Lenge appears on the register, and Nimo afterward said to a police officer that Labella signed an hotel register by that name. Cania again signed the same register at one-thirty A. M., March twenty-fifth.

Three or four weeks after the robbery Cania and Labella were in Amsterdam again and Cania was interviewed by a police officer who was trying to find the stolen taxicab. Cania told the police officer that he knew nothing about the automobile involved. The officer asked Cania if he knew anybody else around there who could tell anything about the car. About a half hour later the officer says that Labella approached him and introduced him to a man whom he called " Duke " evidently to assist him in his search for the car. In the interview between Cania and the police officer the latter also asked Cania why he left Utica if he " didn't have anything to do with the car " and Cania said " he didn't want to go through the third degree." Cania also told the police officer at this time that he expected to join a circus in Boston in a couple of weeks.

On April seventeenth, Nimo, Cania and Danquer were in Amsterdam and were there joined by Labella and two others and on the eighteenth the four named, together with the two others, started from Amsterdam to drive to Boston, Mass., for the purpose, as they said, of joining a circus. They reached Boston, and Cania, Danquer, Labella and Nimo continued to be together in Boston. Nimo and Cania were arrested there on April twenty-fifth.

Cania was interviewed by a police officer in Utica after having been brought back from Boston under arrest and he then told the police officer among other things that he went to Amsterdam from Utica about April first with Danquer and Labella. Another police officer testified that he " went down " to see Cania to find out " if there was any way he [Cania] could try and make a deal to get the car back," and Cania said to him that he thought he could help and gave the officer the names of persons to send to him. At this time the officer, who testified that he wanted to secure the return

of the car, said to Cania that he would do what he could to help Cania.

The People contend that these facts were sufficient to warrant an inference that Nimo was the third man who was standing on the corner and got into the taxicab with Danquer and Labella. There is no direct identification of Nimo as that person. There is an entire absence of incriminating testimony in relation to Nimo's actions before the robbery. His first appearance in the case is his registering under an assumed name with others who are identified as the robbers at an hotel in Amsterdam about forty-eight hours after the robbery. Then and later both in Amsterdam and in Boston he was closely associated with men implicated in the commission of the crime. This is not enough to establish Nimo's guilt. These evil associations and communications, however corrupting to manners and morals, are not under the circumstances sufficient to establish complicity in the robbery. We cannot say that the facts shown are inconsistent with Nimo's innocence. (*People* v. *Razezicz*, 206 N. Y. 249, 272.)

As to Cania on the other hand, the evidence presented a question for the jury. Cania's act in bringing the car to the place where Danquer and Labella were waiting followed by his presence in Amsterdam on the following day (March twenty-fourth) and still later with others involved, and his statements to the police officers are facts taken in connection with all the proof, sufficient to sustain his conviction.

We deem it immaterial whether or not he was actually in the car when it was taken from Woodcock or when it was driven away from Utica. The statute as to principals and accessories (Penal Law, § 2) is equally applicable to robbery in the first degree and to other crimes.

We have examined the record with care and find no error sufficient to warrant a reversal as to the defendant Cania.

The judgment of conviction of defendant Nimo should be reversed and indictment dismissed as to him and judgment of conviction as to defendant Cania should be affirmed.

HUBBS, P. J., CLARK, DAVIS and CROUCH, JJ., concur.

Judgment of conviction of defendant Nimo reversed on the law and facts, and indictment dismissed as to him. Judgment of conviction of defendant Cania affirmed.